## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

MARZETTE KING,
    Defendant

Criminal Complaint

CASE NUMBER:  07-110 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>May 31, 2007</u> in the District of Delaware, Defendant MARZETTE KING did knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title <u>   18   </u> United States Code, Section(s) <u> 922(g)(1) and 924(a)(2). </u>

I further state that I am a(n) <u> Special Agent, ATF </u> and that this complaint is based
                                             Official Title
on the following facts:

<u>See</u> attached Affidavit

```
F I L E D

JUN  1  2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

Continued on the attached sheet and made a part hereof:    Yes

                                                  Patrick Fyock
                                                  Special Agent, ATF

Sworn to before me and subscribed in my presence,

<u> June 1, 2007 </u>                        at <u>Wilmington, DE</u>
Date                                         City and State

Honorable Mary Pat Thynge
<u>United States Magistrate Judge</u>
Name & Title of Judicial Officer                      Signature of Judicial Officer

## AFFIDAVIT OF PATRICK FYOCK

1. Your affiant is Patrick Fyock. Your affiant has been a Special Agent for over five and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives(ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, I was employed as a Police Officer for seven years with the Nationally Accredited New Castle County Police Department in Delaware. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including but not limited to the ATF Academy, New Castle County Police Academy, Firearms identification classes, Firearms Nomenclature classes, and Firearms identification classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 80 seizures of firearms and well over 120 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Wilmington Police Officers.

3. The seizure of all the below stated evidence occurred on May 31, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant learned from Wilmington Police Officers that on May 31, 2007 Wilmington Police officers stopped a vehicle for a motor vehicle violation. The vehicle was occupied by the driver only, identified by the Wilmington Police as the defendant Marzette King. Wilmington Police officers made contact with Marzette King who stated he did not have a driver's license and that he purchased the car 4 days ago for $400.00 from an unknown male. A DELJIS check revealed Marzette King has a suspended drivers license and was wanted for an outstanding state capias.

5. Marzette King was taken into custody by Wilmington Police officers. When police officer told King his vehicle would be towed, King began to ask repeatedly if his sister could take the car. Your affiant learned from Wilmington Police Officers that in the trunk of the vehicle under a bag containing what appeared to be male blue jeans, a pair of white male high top sneakers and a towel, they recovered a loaded Ruger 9mm semi automatic handgun model P89 serial number 31467112. The firearm was loaded with 10 rounds in the magazine and 1 round in the chamber.

6. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your

affiant knows that the Ruger 9mm semi automatic handgun model P89 serial number 31467112 is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware, or in a foreign country such that its possession in Delaware would have necessarily required that the firearm had crossed state or foreign lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

7. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction on or about 10/19/2005 for Possession With the Intent to Deliver a Nonnarcotic Schedule I Controlled Substance in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

8. Your affiant interviewed Marzette King at the Wilmington Police Department. Marzette King stated he purchased the vehicle from an unknown white male his friend knew about 4 days ago for $400.00 cash. King also stated he received a title that was signed by a female but does not know the name. King stated he did check under the hood prior to purchasing the car but has never looked in the trunk and does not know what is in the trunk. King added since he purchased the car he has not opened the trunk. King stated he does not know anything about the firearm and he never saw it before.

9. It should be noted that a used Ruger P89 handgun has a value of between $200.00 and $350.00 as researched by S/A Fyock.

10. The Wilmington Police officers advised your affiant that the above vehicle is a 1992 Chevrolet Caprice 4 door sedan bearing De license plate 740925 and this vehicle was towed from the location of the stop to First State Towing Old Airport Rd, Newport, DE. On June 1, 2007 your affiant spoke with staff of First State Towing who confirmed that the above vehicle was towed from the Wilmington location to the secured lot at First State Towing 495 A Old Airport Rd, Newport, DE 19720. Based on your affiants training and experience your affiant knows that items in proximity to firearms may contain evidence of proof of possession of the firearms. Your affiant reasonably believes that the above vehicle may contain evidence of the possession of the seized firearm and indicia of ownership. Vehicles commonly contain indicia of ownership and as discussed above, the Wilmington Police officers advised your affiant that they observed and left in the vehicle's trunk the black trash type bag containing male type blue jeans, white high- top sneakers and a towel. It should be noted that the seized firearm was located directly below the above mentioned bag.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted

of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging those offenses. Your affiant also believes that there is probable cause that the black trash type bag including but not limited to male type blue jeans, white high- top sneakers and a towel will be located in the trunk of the above vehicle and that the search for items inside the vehicle are probative of the possession of the above seized firearm.

_____
Patrick Fyock
Special Agent, ATF


Sworn to and subscribed in my presence
this ___ day of _____ 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware